# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2022-1485
_____

KELLY GIRARDIN,

    Appellant/Cross-Appellee,

    v.

AN FORT MYERS IMPORTS, LLC
D/B/A AUTONATION TOYOTA FORT
MYERS/GALLAGHER BASSETT,

    Appellees/Cross-Appellants.

_____


On appeal from the Office of the Judges of Compensation Claims.
Jack Adam Weiss, Judge of Compensation Claims.

Date of Accident: December 19, 2020.

May 8, 2024


PER CURIAM.

In this workers' compensation case, Claimant appeals, and the Employer/Carrier (E/C) cross-appeal, an order from the Judge of Compensation Claims (JCC) to the extent that it denied home modification, awarded attendant care from November 3, 2021, through the date of the final hearing, March 31, 2022, and ruled on the portion of attorney's fees and costs ancillary to these benefits. We set aside as to the award of attendant care (and the related attorney's fees and costs). We affirm without comment the rest of the order.

The JCC awarded Claimant payment for attendant care services provided by her husband during the period of November 3, 2021 to March 31, 2022. The JCC ordered the E/C to pay Claimant's husband for thirty hours per week at the federal minimum wage. The JCC made this award based on a generalized finding that what the husband does for the Claimant, "such as carrying her upstairs for her to bathe, qualifies as attendant care services under Florida law." The JCC, however, did not specify which "services" provided by the husband qualify for compensation, and the E/C argue that some services in fact do not qualify.

The E/C are correct that the JCC erred in its award for nonprofessional attendant care. The JCC could not order compensation under chapter 440 for the husband's provision of "nonprofessional attendant care . . . that falls within the scope of household duties and other services normally and gratuitously provided by family members." § 440.13(1)(b), Fla. Stat. (2020). The testimony demonstrated that much of what the husband now does around the house is what the Claimant used to do. Before the accident, the Claimant took care of the kids, cooked, cleaned—as the husband put it, "She handled everything." Post accident, he now does all those chores: cooking, vacuuming, mopping, laundry, and taking care of the kids. Notably, the Claimant still can drive and does at times drive the kids and travel to Publix. She also suggested in testimony that a lot of the attendant care that she needs is akin to maid service. The husband does carry the Claimant upstairs and bathes her there, and he does transport her to medical visits, which may be compensable as nonprofessional attendant care. The JCC, however, failed to make any findings or otherwise take steps to ensure that the husband was to be paid only for services that are *not* "within the scope of household duties and other services normally and gratuitously provided by family members." For that reason, we must vacate the award for the husband's nonattendant care.

We note that this appeal does not overlap with *Girardin v. AN Fort Myers Imports, LLC* (*Girardin I*), 345 So. 3d 921 (Fla. 1st DCA 2022). *Girardin I* addressed attendant care for a time period ending October 6, 2021, and although the claim made in the

2

instant proceeding was for attendant care beginning April 16, 2021, the JCC in the instant appeal correctly observed that he lacked jurisdiction to address the overlap. *Cf.* Fla. R. App. P. 9.180(c)(1) ("The lower tribunal retains jurisdiction to decide the issues that . . . are not the subject of pending appellate review."). To the extent that *Girardin I*'s holding illustrates error in the denial of attendant care for October 6, 2021, through November 2, 2021, Claimant is not entitled to relief because Claimant did not appeal that denial.

Finally, we set aside the ruling on attorney's fees and costs related to the attendant care benefits to the extent that they are affected by our disposition here.

AFFIRMED in part; SET ASIDE in part.

LEWIS, NORDBY, and TANENBAUM, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Martha D. Fornaris of Fornaris Law Firm, P.A., Coral Gables, and Amie E. DeGuzman, Jacksonville, for Appellant/Cross-Appellee.

Tiffany Hawks of MKRS Law, P.L., Coral Gables, for Appellees/Cross-Appellants.